**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 26-01839-5-PWM** |
| FUTURE MEAT TECHNOLOGIES | ) | |
| LTD. | ) | |
| | ) | **Chapter 15** |
| Debtor. | ) | |

**MOTION OF THE FOREIGN REPRESENTATIVE FOR**
**CHAPTER 15 RECOGNITION AND FINAL RELIEF**

NOW COMES Yoel Freilich, Trustee (the "Trustee" or "Foreign Representative") of Future Meat Technologies Ltd. (the "Foreign Debtor" or the "Company"), which is the subject of a reorganization proceeding (the "Israeli Proceeding") in the Lod District Court in Tel Aviv, Israel (the "Israeli Court") commenced under Israel's Insolvency and Economic Rehabilitation Law and Insolvency and Economic Rehabilitations Regulations, and by and through the undersigned counsel filed a chapter 15 petition for the Foreign Debtor and respectfully requests the entry of an Order under chapter 15 of title 11 of the United States Code ( the "Bankruptcy Code"): (i) recognizing the Trustee as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code; (ii) recognizing the Israeli Proceeding as a "foreign main proceeding" in accordance with sections 101(23), 1502(4), and 1517(a) and (b)(1) of the Bankruptcy Code, and (iii) granting the requested final relief in aid of the Foreign Debtor and in furtherance of the Israeli Proceeding; and (iv) granting such other relief as may be necessary and appropriate, and respectfully shows as follows in support thereof:

**JURSIDICTION AND VENUE**

1. The Court has jurisdiction over this case under sections 157 and 1334 of title 28 of the United States Code and section 1501 of the Bankruptcy Code.

2.      The Foreign Representative has properly commenced this case under sections 1504 and 1515 of the Bankruptcy Code. This is a core proceeding under section 157(b)(2)(P) of title 28 of the United States Code.

3.      Venue for this chapter 15 case is proper under section 1410(1) of title 28 of the United States Code because the Foreign Debtor has principal assets in this district through the continuing ownership interest in its wholly owned subsidiary company, Future Meat Technologies, Inc. d/b/a Believer Meats, which maintains its primary production facility in Wilson, North Carolina.

4.      The statutory bases for the relief requested in this Motion are sections 101(23)-(24), 105(a), 306, 1502, 1504, 1507, 1509, 1510, 1512, 1515, 1516, 1517, 1520, 1521, 1522, and 1524 of the Bankruptcy Code.

## FACTUAL BACKGROUND

### A.  Future Meat Technologies Ltd.

5.      Future Meat Technologies Ltd. (the "Company") is an Israeli food-tech company founded in 2018, focused on the development of cultivated meat technology. Declaration of Yoel Freilich ("Freilich Declaration") at ¶ 9.

6.      The Company has developed an innovative technological platform for the production of meat directly from animal cells, without the need for animal breeding or slaughter and without genetic engineering. Freilich Declaration at ¶ 10.

7.      The Company's core innovation lies in its ability to produce cultivated meat in a cost-efficient manner, through proprietary processes involving cell cultivation, growth media optimization, and scalable production systems. These developments were carried out primarily in the Company's R&D facilities in Rehovot, Israel, by a multidisciplinary team of scientists and

engineers. Freilich Declaration at ¶10.

8.      As part of its technological development, the Company successfully established a pilot production facility in Israel, demonstrating the transformation of cultivated animal cells into consumable meat products. Freilich Declaration at ¶ 11.

9.      Following the completion of its core R&D phase, the Company sought to expand its operations to the United States through planning a plant for a large-scale production, in which its intellectual property and knowledge is vested. For that purpose, the Company established a wholly owned subsidiary for the purpose of constructing and operating a large-scale industrial production facility in North Carolina and advancing commercialization in the U.S. market. Freilich Declaration at ¶ 14.

10.     Future Meat Technologies Ltd. is the 100% owner of its subsidiary, Future Meat Technologies, Inc. d/b/a Believer Meats ("Believer" or the "Subsidiary"), a Delaware corporation which conducts business in North Carolina and operates its primary production facility in Wilson, NC (the "Believer Facility").

11.     The Subsidiary was established in order to bring into industrial-scale operation the technology developed by Future Meat Technologies Ltd, while relying on the intellectual property, professional know-how, research and development infrastructure, and scientific capabilities created by and belonging to Future Meat Technologies Ltd. Freilich Declaration at ¶ 15.

12.     Accordingly, the relationship between the Foreign Debtor and the Subsidiary was marked by an exceptionally close operational, business, and technological integration. The Foreign Debtor financed the construction of the plant in the United States, and according to the information provided to the Trustee, approximately $154 million was invested in the construction of the plant structure alone, excluding production equipment. Freilich Declaration at ¶ 16. The Foreign Debtor

3

holds all the shares of the Subsidiary, and made available to it the technological and proprietary infrastructure required for the establishment and operation of the industrial production platform. In addition, employees of the Company transitioned to the Subsidiary. Freilich Declaration at ¶ 17.

### B. Commencement of the Israeli Proceeding and Case Activities

13. Prior to the commencement of the Foreign Proceeding, the Company experienced a severe and prolonged liquidity crisis, which progressively worsened because of a combination of operational, regulatory, financing, and legal factors. *See* Freilich Declaration at ¶ 18-19.

14. Among other things, the Company was required to contend with: significant cost overruns and delays in the construction project of the Subsidiary's plant in the United States, prolonged delays in obtaining the regulatory approvals required in the United States, increasing difficulty in raising investment and financing in the food-tech market generally, and for an Israeli company in particular, and the continuing effects of the war in Israel, including the mobilization of key employees for reserve duty, operational disruptions, and supply chain delays. Taken together, these circumstances materially impaired the Foreign Debtor's ability to continue funding its ongoing operations and to advance toward commercial-scale production. *See* Freilich Declaration at ¶ 18-19.

15. The final triggering event was the legal action commenced in the United States in relation to the subsidiary and the plant constructed there. On December 23, 2025, an action was commenced against Believer in the Superior Court of Wilson County, North Carolina, Case No. 25CV005578-970 (the "Receivership Action"), by Gray Construction, the contractor that built the plant, seeking appointment of a limited receiver over Believer's assets alleging indebtedness in the tens of millions of dollars. *See* Freilich Declaration at ¶ 20.

4

16. On December 31, 2025, the Superior Court entered an Order Granting Motion for Appointment of Limited Receiver, appointing a limited receiver over the real property owned by Believer, along with all building materials, building supplies, fixtures, inventory, and equipment together with all attachments, accessories and accessions and replacements thereof, located at or upon or intended for use, used, or useable in the construction, occupancy, operation or maintenance of improvements constructed on the property. Subsequently, on February 6, 2026, the Superior Court entered an Order Granting Receiver's Motion to Convert Limited Receivership to General Receivership, thereby appointing a general receiver, Kevin L. Sink (the "General Receivership Order").

17. As set forth in the General Receivership Order, the specific purpose and objective of the receivership was to seize possession and control of all the property of Believer, maintain such property, collect all rents and profits from such property, and, ultimately, to sell and liquidate all the property of Believer.

18. This development dramatically impaired the Foreign Debtor's ability to raise additional financing, preserve the value of the U.S. operations, and pursue a comprehensive business solution. In these circumstances, and after the Company had exhausted its efforts to raise financing, negotiate with investors and suppliers, and implement significant cost-reduction measures, the Company had no alternative but to apply to the Israeli court for the commencement of the Foreign Proceeding. *See* Freilich Declaration at ¶ 21.

19. On January 5, 2026, the Company was granted an order (the "Initial Order") by the Israeli Court commencing the Israeli Proceeding and appointing Yoel Freilich as trustee in the insolvency proceedings. Attached hereto as **Exhibit A** is a true and correct certified copy of the Initial Order.

20.     On January 19, 2026, the Israeli Court entered an order regarding the powers of Yoel Freilich as Temporary Trustee of Future Meat Technologies Ltd. (the "Order Establishing Trustee Powers"). Attached hereto as **Exhibit B** is a true and correct certified copy of the Order Establishing Trustee Powers.

21.     Pursuant to the Order Establishing Trustee Powers, Mr. Freilich was appointed, among other things, "To engage in discussions with the receiver appointed over the Subsidiary's assets, and with any other office holder or is or may be appointed, if appointed, in the Subsidiary's receivership and/or insolvency proceedings, and for such purpose to apply to the court in the United States as the Company's authorized representative." *See* Exhibit B at 4.

22.     Further, On February 2, 2026, the Israeli Court conducted a proceeding and entered a decision pursuant to which the Trustee was converted from an interim trustee to a Permanent Trustee. A transcript of such proceeding, translated to English, is attached hereto as **Exhibit C**.

23.     The Initial Order commencing insolvency proceedings, and subsequent orders issued in the Israeli Proceeding, were issued with respect to the Company by the competent court in Israel. Since the date of the Initial Order, the Company has been formally and fully subject to insolvency proceedings, with the objective of preserving and maximizing the value of its assets for the benefit of its creditors through an orderly realization process.

### D.  The Chapter 15 Filing

24.     By filing a chapter 15 petition in the United States Bankruptcy Court for the Eastern District of North Carolina (the "Petition"), the Foreign Representative seeks the assistance of this Court to, among other things, recognize the Israeli Proceeding as the foreign main proceeding, to obtain the benefits of the automatic stay to protect the Foreign Debtor's assets that are located in the United States, which are critical to the Foreign Debtor's reorganization efforts.

25. The Company holds and controls significant assets and interests that are directly connected to the United States and require protection under Chapter 15 proceedings, as set forth below:

### A. Intellectual Property and Know-How

26. The Company owns and/or controls a portfolio of intellectual property, including patents (some solely owned and some licensed or jointly held), as well as substantial proprietary know-how, production methodologies, documented processes, and quality control systems. *See* Freilich Declaration at ¶ 12.

27. This intellectual property constitutes the core value of the Company's business and is essential for any continued operation, restructuring, or sale of the business as a going concern. *Id*.

### B. Cell Bank and Biological Assets

28. The Company has developed a unique and highly sensitive biological asset in the form of its cultivated cell lines and cell bank. Freilich Declaration at ¶ 13.

29. These assets are irreplaceable and form the foundation of the Company's technology. They are maintained in multiple locations, including backup storage arrangements, one of which is located in the United States. Freilich Declaration at ¶ 13.

30. The preservation and protection of these biological materials located in the United States is critical, as any damage or loss would result in irreversible harm to the Company's enterprise value. Freilich Declaration at ¶ 13.

### C. U.S. Subsidiary and Believer Facility

31. As set forth herein, the Company owns 100% of the Subsidiary, which was established to construct and operate a large-scale production facility in North Carolina.

32. The Believer Facility, together with its associated equipment, contracts, and operational framework, constitutes a substantial portion of the Company's physical and commercial footprint in the United States. Freilich Declaration at ¶ 16.

33. The Subsidiary and its assets are currently subject to the Receivership Action in the United States, further underscoring the necessity of coordinated cross-border insolvency protection.

34. In order to properly administer the Company's estate, preserve its assets, and evaluate restructuring or sale alternatives, it is necessary to obtain information and cooperation from various officers, employees, and third parties. Some of these individuals and entities are located in the United States, including personnel involved in the operation, construction, and management of the Believer Facility.

35. Recognition under Chapter 15 is therefore essential to enable the Foreign Representative to exercise investigatory powers, obtain documents, and compel the provision of information within the United States, in aid of the Israeli Proceeding.

36. For further and additional information regarding the Foreign Debtor's background, the Israeli proceeding, and the facts and circumstances necessitating this chapter 15 case, the Court is respectfully referred to the Petition, the *Declaration of Yoel Freilich in Support of Motion of the Foreign Representative for Chapter 15 Recognition and Final Relief* filed concurrently herewith, which are each incorporated by reference as if set forth fully in this Motion.

## BASIS FOR RELIEF

37. Chapter 15 of the Bankruptcy Code requires a bankruptcy court to recognize a foreign proceeding if the elements in section 1517 of the Bankruptcy Code are satisfied. Section 1517 of the Bankruptcy Code requires that (i) the chapter 15 petition satisfy section 1515 of the

Bankruptcy Code, (ii) the foreign representative is a person or body, and (iii) the foreign proceeding is either a foreign main proceeding or a foreign nonmain proceeding.

38.     Beyond recognition, a chapter 15 case provides the duly authorized foreign representative of such proceeding with various forms of relief to preserve the foreign debtor's assets and value in multinational and cross-border corporate insolvency proceedings, to coordinate the administration of assets, and to prevent disruption that otherwise could derail a foreign proceeding from achieving its purposes under the applicable local foreign law. 11 U.S.C. § 1507.

39.     The Foreign Representative requests entry of an order recognizing the Israeli Proceeding as the foreign main proceeding within the meaning of section 1502 because, the Foreign Debtor, the Foreign Representative, and the Israeli Proceeding meet the requirements of section 1517 of the Bankruptcy Code and the Petition meets the requirements of section 1515 of the Bankruptcy Code.

40.     As set forth herein, this chapter 15 proceeding is critical to preserving and maximizing the value of the Foreign Debtor's assets for the benefit of the Foreign Debtor, its creditors, and other stakeholders. The Foreign Representative seeks recognition because it will stay any creditor actions in the United States, including actions to execute, levy on, or sell the Foreign Debtor's assets. Recognition will provide the stability needed for the Foreign Debtor to complete its reorganization and provide the Foreign Debtor with access to a United States court to be heard on issues that may impact the Israeli Proceeding or the Foreign Debtor's obligations under Israeli law.

41.     Recognition will allow for centralized administration of the Foreign Debtor's assets by coordinating the Israeli Proceeding, this chapter 15 case, and the pending Receivership and thereby ensure fair treatment for the Foreign Debtor's creditors and other interested parties in Israel

9

and the United States.

**A. The Trustee Qualifies as a "foreign representative" under the Bankruptcy Code**

42. A "foreign representative" that has been duly appointed and authorized in a foreign proceeding to administer a reorganization or liquidation is a proper applicant for recognition of a foreign proceeding and may commence a chapter 15 case by filing a petition for recognition of a foreign proceeding. See 11 U.S.C. §§ 1504 and 1515.

43. Pursuant to Section 101(24) of the Bankruptcy Code, a "foreign representative" is "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24).

44. Here, the Trustee falls squarely within the definition of a foreign representative in Section 101(24). The Trustee is a "person", as described in subsections 101(24) and 101(41) of the Bankruptcy Code. Pursuant to the Order Appointing Trustee entered by the Israeli Court, the Trustee was authorized "to engage in discussions with the receiver appointed over the Subsidiary's assets, and with any other office holder or is or may be appointed, if appointed, in the Subsidiary's receivership and/or insolvency proceedings, and for such purpose to apply to the court in the United States as the Company's authorized representative." *See* Exhibit B at 4.

**B. The Israeli Proceeding is a "foreign proceeding" under the Bankruptcy Code**

45. Pursuant to section 101(23) of the Bankruptcy Code, a "foreign proceeding" is:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

46.     Bankruptcy courts have held that in determining whether a specific proceeding is a "foreign proceeding," the court should consider whether the foreign proceeding meets the six factors set forth in section 101(23) of the Bankruptcy Code, as follows: (1) it is a proceeding either judicial or administrative in character, (2) collective in nature, (3) in a foreign country, (4) authorized or conducted under a law related to insolvency or the adjustment of debts, (5) in which the debtor's assets and affairs are subject to the control or supervision of a foreign court, and (6) which is for the purpose of reorganization or liquidation. *See In re British Am. Isle of Venice, Ltd.*, 441 B.R. 713, 718 (Bankr. S.D. Fla. 2010); *In re ABC Learning Ctrs. Ltd.*, 445 B.R. 318, 327 (Bankr. D. Del. 2010) (citing *In re Betcorp Ltd.*, 400 B.R. 266, 277 (Bankr. D. Nev. 2009)), aff'd, 728 F.3d 301 (3d Cir. 2013).

47.     The Israeli Proceeding is a judicial proceeding conducted in Israel under the laws of Israel related to insolvency and financial rehabilitation. Israeli laws establish a framework for reorganization of the Foreign Debtor. The Israeli Proceeding was not instituted for the benefit of a single creditor or class of creditors; rather, it is collective in nature as all affected creditors are allowed to participate in the Israeli Proceeding, and it was instituted for the benefit of the Foreign Debtor and all of its creditors. *See Betcorp*, 400 B.R. at 281 (comparing between a true collective proceeding, where such proceeding "considers the rights and obligations of all creditors," and a non-collective proceeding, such as a "receivership remedy instigated at the request, and for the benefit, of a single secured creditor.").

48.     The Foreign Debtor's assets and affairs are primarily located in Israel and are subject to the control and supervision of the Israeli Court and the Trustee. The Foreign Debtor's reorganization is the primary purpose of the Israeli Proceeding.

49.     Multiple Bankruptcy Courts have granted ruled that collective proceedings in Israel

11

similar to the Israeli Proceeding qualify as "foreign proceedings." See *In re Sovereign Assets Ltd.*, Case No. 14-13009 (Bankr. S.D.N.Y. December 17, 2014) (Chapman, J) (recognizing liquidation proceeding in Israel as a foreign main proceeding); *In re Gamida Cell, Ltd.*, Case No. 224-10847 [Doc. No. 46, 47] (Bankr. D.D.E May 15, 2024) (Stickles, J.).

50.     Accordingly, the Israeli Proceeding satisfies all the criteria required by section 101(23) of the Bankruptcy Code and should be deemed a foreign proceeding entitled to recognition under chapter 15 of the Bankruptcy Code.

### C. The Israeli Proceeding is a "Foreign Main Proceeding" under the Bankruptcy Code

51.     Pursuant to chapter 15, if after notice and a hearing, a bankruptcy court determines that the conditions set forth in section 1517(a) are met, and the foreign proceeding for which recognition is sought is either a "foreign main proceeding" or a "foreign nonmain proceeding", then the bankruptcy court is obligated to enter an order allowing recognition. See 11 U.S.C. § 1517(a)(1).

52.     A "foreign main proceeding" is defined as "a foreign proceeding pending in the country where the debtor has the center of its main interests." See 11 U.S.C. § 1502(4).

53.     Under section 1502(1) of the Bankruptcy Code, for the purposes of chapter 15, the term "debtor" means "an entity that is the subject of a foreign proceeding." See 11 U.S.C. § 1502(1).

54.     The term "center of main interests" or "COMI" is not defined in chapter 15 of the Bankruptcy Code. However, chapter 15 includes a rebuttable presumption that, in the absence of evidence to the contrary, the foreign debtor's COMI is the place where the debtor's registered office is located. See 11 U.S.C. § 1516(c); *see In re British Am. Ins. Co. Ltd.*, 425 B.R. 884, 908 (Bankr. S.D. Fla. 2010) (noting that COMI has been equated with a debtor's principal place of

12

business).

55.     Here, the Foreign Debtor is entitled to that presumption because it is an Israeli registered company that maintains offices in Israel, its research and development was completed in Israel with the investment of more than $120 million U.S. Dollars, it was founded by an Israeli founder, its technology was developed in Israel by Israeli personnel, and the Israeli Proceeding is taking place in Israel. The Foreign Debtor's center of main interests is undoubtedly in Israel.

56.     Accordingly, the Foreign Representative submits that the Israeli Proceeding constitutes a foreign main proceeding under section 1517(b)(1) of the Bankruptcy Code.

### D. This Chapter 15 Proceeding was Properly Commenced

57.     This chapter 15 case was properly commenced in accordance with sections 1504 and 1509(a) of the Bankruptcy Code by the filing of the Petition accompanied by all documents and information required by subsections 1515(b) and (c), in compliance with section 1515(a) of the Bankruptcy Code. *See In re Irish Bank*, 2014 WL 9953792, at *17 (Bankr. D. Del. Apr. 30, 2014) ("The final requirement for recognition under § 1517 is that the petition for recognition meets the procedural requirements of [section] 1515"), aff'd, 538 B.R. 692 (D. Del. 2015).

58.     The Petition is accompanied by certified copies of the Order Appointing Trustee and Initial Order, which commenced the Israeli Proceeding and authorized the Trustee to act as a foreign representative in a chapter 15.

59.      As required by section 1515(d) of the Bankruptcy Code, all documents provided pursuant to section 1515(b) of the Bankruptcy Code are translated into English.

60.     Additionally, the Foreign Debtor sets forth in the Official Form Petition that the Israeli Proceeding is the only proceeding concerning the Foreign Debtor and stating that there are no other pending foreign proceedings concerning the Foreign Debtor in accordance with section

1515(c) of the Bankruptcy Code. The Petition identifies that that the Foreign Debtor is not presently involved in pending litigation in the United States. 11 U.S.C. § 1007(a).

**E.  Recognition Would Not be Contrary to Public Policy of the United States**

61.    Recognition of the Israeli Proceeding does not manifestly violate the public policy of the United States of America as set forth in section 1506 of the Bankruptcy Code.

62.    Courts consider two factors when determining whether to apply section 1506: (1) whether the foreign proceeding was procedurally unfair; and (2) whether the application of foreign law or the recognition of a foreign main proceeding under Chapter 15 would severely impinge the value and import of a United States statutory or constitutional right, such that granting comity would severely hinder United States bankruptcy courts' abilities to carry out . . . the most fundamental policies and purposes' of these rights. *In re British American Isle of Venice* (BVI), *Ltd.*, 441 B.R. 713, 717 (Bankr. S.D. Fla. 2020) (citations omitted); *see also In re Qimonda AG Bankr Litig*, 433 B.R. 547 at 568–69 (E.D. Va. 2010).

63.    Here, there is no evidence or cognizable argument that recognition would be procedurally unfair or would severely impinge the value and import of a United States statutory or constitutional right.

64.    Upon recognition of the Israeli Proceeding as the foreign main proceeding, final relief is authorized by sections 1520 and 1521 of the Bankruptcy Code, including, but not limited to the Foreign Debtor being automatically entitled to the protections of the automatic stay of section 362 of the Bankruptcy Code (11 U.S.C. §§ 1520(a)(1), 362), or staying the execution against the debtor's assets (11 U.S.C. §§ 1521(a)(2)).

65.    The Court also has the power to provide additional assistance to a foreign representative under the Bankruptcy Code or other laws of the United States, consistent with

14

principles of comity. See 11 U.S.C. §§ 1507 and 1521.

66.     Accordingly, the Foreign Representative respectfully submits that all of the conditions necessary to the entry of an order recognizing the Israeli Proceeding as the foreign main proceeding under the Bankruptcy Code have been satisfied.

67.     Based on the foregoing, the Foreign Representative submits that the Court should grant the relief requested. A proposed order is attached hereto as **Exhibit D.**

WHEREFORE, the Foreign Representative respectfully requests that this Court enter an Order substantially in the form of the attached **Exhibit "D"** recognizing the Israeli Proceeding as foreign main proceeding and granting the requested final relief in aid of the Foreign Debtor and in furtherance of the Israeli Proceeding; and for further relief as the Court deems just or proper.

Dated: April 23, 2026

**HENDREN, REDWINE MALONE, PLLC**

s/*Jason L. Hendren*
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone:  (919) 573-1422
Facsimile:   (919) 420-0475
Email: jhendren@hendrenmalone.com
        rredwine@hendrenmalone.com
        bwaller@hendrenmalone.com
        lcarpenter@hendrenmalone.com
*Counsel for the Foreign Representative*

15

**EXHIBIT A**

Serial No. 155

מס' סידורי 155

Form No. 7

טופס מס' 7

## CERTIFICATION OF TRANSLATION

אישור נכונות תרגום

I, the undersigned, Ram Ephrati Notary holding license no. 2063660, hereby certify that I am fluent in the Hebrew and English languages

אני החתום מטה רם אפרתי, נוטריון בעל רישיון מספר 2063660 , מצהיר בזה, כי אני שולט היטב בשפות העברית והאנגלית

And that the document attached to this certification and marked with the letter A' is a translation to the English language of

וכי המסמך המצורף לאישור זה והמסומן באות א' הוא תרגום לשפה האנגלית של

☒ the original document

☒ מסמך המקור

☐ a true copy of the original document

☐ העתק מאושר של מסמך המקור

☐ a copy of the original document

☐ העתק של מסמך המקור

☐ computerized information (please specify) from the database of

☐ מידע ממוחשב (נא פרט) ממאגר המידע של

drawn up in the Hebrew language attached to this certification and marked with the letter B'.

הערוך בשפה העברית מצורף לאישורי זה ומסומן באות ב'.

In witness whereof, I hereby certify the faithfulness of said translation by my own signature and seal, this day January 29, 2026.

לראיה אני מאשר את דיוק התרגום האמור בחתימת ידי וחותמתי, היום 29/01/2026.

Notary fee 761 NIS.

שכר נוטריון 761 שקלים חדשים.

_____
חותם הנוטריון
Notary's Seal

_____
חתימה
Signature



# APOSTILLE
(Convention de la Haye du 5 Octobre 1961)

**1. STATE OF ISRAEL**

This public document

2. Has been signed by

Advocate _____

3. Acting in capacity of Notary

4. Bears the seal/stamp of

the above Notary

### Certified

5. At the Magistrates Court of Herzliya

6. Date _____

7. By an official appointed by

Minister of Justice under the

Notaries Law, 1976.

8. Serial number 649219

9. Seal/Stamp _____

10. Signature _____

רס אפרתי
Ram Ephrati

2 9 -01- 2026

1. מדינת ישראל

מסמך ציבורי זה

2. נחתם בידי

עו"ד _____

3. המכהן בתור נוטריון.

4. נושא את החותם/החותמת

של הנוטריון הנ"ל

### אושר

5. בבית משפט השלום בהרצליה

6. ביום _____

7. על ידי מי שמונה בידי שר

המשפטים לפי חוק הנוטריונים,

התשל"ו - 1976

8. מס' סידורי 649219

9. החותם / החותמת _____

10. חתימה _____

[Emblem of the State of Israel]

The District Court in Lod

**Insolvency Case 89484-12-25 Future Meat Technologies Ltd. v. Insolvency Commissioner – Tel Aviv District and others**

External Case:

**Application number: 1**

**Before the Honorable Judge, Vice President Hanna Kitsis**

**Applicants**         **Insolvency Commissioner - Tel Aviv District, Government Offices 570001772**

**Against**

**Responders**

  1. **Future Meat Technologies Ltd.**

  2. **Rafael Ben Or and according to the list of employees**

### Decision

After reviewing the application and its appendices, and after reviewing the Commissioner's response, I am convinced that there is prima facie evidence that the conditions for issuing an order to initiate proceedings against the company are met. I am also convinced that there is a need to appoint a person in charge to safeguard the company's assets.

Therefore, I appoint **Attorney Yoel Freilich** as temporary trustee for the company in accordance with Section 20(a)(2) of the Insolvency and Financial Rehabilitation Law, 5778 - 2018 (hereinafter: "the Law"). The temporary trustee will sign a personal commitment in the amount of 100,000 NIS.

The temporary trustee is authorized to seize, preserve, and secure the assets of the company subject to any law. It is clarified that no assets shall be realized or transactions shall be carried out except with the approval of the Court in accordance with Section 20(a)(1) of the Law. An order is hereby issued preventing the payment of past debts of the company and granting an order to freeze proceedings against it. The order is valid for 40 days.

1 of 2

[Emblem of the State of Israel]

The District Court in Lod

**Insolvency Case 89484-12-25 Future Meat Technologies Ltd. v. Insolvency Commissioner – Tel Aviv District and others**

External Case:

The company will provide the Commissioner with a notice regarding the granting of the temporary relief in accordance with Regulation 31 of the Insolvency and Financial Rehabilitation Regulations, 5779 - 2019. The Commissioner will publish a notice regarding the granting of the temporary relief on the website of the Ministry of Justice; the notice will include the details listed in Regulation 21(b) as well as the granting of the temporary relief.

**Hearing was set for February 8, 2026 at 12:30 p.m.**

The temporary trustee will submit a first report up to seven days before the hearing.

If the trustee determines that the company is being operated in a deficit, he is required to apply to the Court.

Given today, 17th of Tevet 5786, January 5, 2026, in the absence of the parties.

[-]

**Hanna Kitsis, Judge, Vice President**



2 of 2



## בית המשפט המחוזי בלוד

**חדל"ת 25-12-89484 פיוצ'ר מיט טכנולוגיות בע"מ נ' ממונה על חדלות פירעון – מחוז תל אביב ואח'**

תיק חיצוני :

**מספר בקשה:1**

לפני      כבוד השופטת, סגנית הנשיאה חנה קיציס

מבקשים      ממונה על חדלות פירעון – מחוז תל אביב, משרדי ממשלה 570001772

נגד

משיבים
1. פיוצ'ר מיט טכנולוגיות בע"מ
2. רפאל בן אור ועפ"י רשימת העובדים

## החלטה

לאחר עיון בבקשה ובנספחיה, ולאחר שעיינתי בתגובת הממונה שוכנעתי כי יש ראיות לכאורה לכך שמתקיימים התנאים למתן צו לפתיחת הליכים כנגד החברה. עוד שוכנעתי שיש צורך במינוי בעל תפקיד לשם שמירת נכסיה של החברה.

משכך, הנני ממנה את **עו"ד יואל פרייליך** כנאמן זמני לחברה בהתאם לסעיף 20(א)(2) לחוק חדלות פירעון ושיקום כלכלי, התשע"ח - 2018 (להלן : **"החוק"**).
הנאמן הזמני יחתום על התחייבות עצמית בסך 100,000 ₪.

הנאמן הזמני מוסמך לתפוס, לשמור, לבטח את נכסי החברה בכפוף לכל דין. יובהר שלא ימומשו נכסים או יבוצעו עסקאות אלא באישור בית המשפט בהתאם לסעיף 20(א)(1) לחוק.
ניתן בזאת צו המונע פירעון חובות עבר של החברה ומתן צו הקפאת הליכים כנגדה תוקף הצו ל-40 יום.





1 מתוך 2



## בית המשפט המחוזי בלוד

**חדל"ת 25-12-89484 פיוצ'ר מיט טכנולוגיות בע"מ נ' ממונה על חדלות פירעון – מחוז תל אביב ואח'**

תיק חיצוני :

החברה תמציא לממונה הודעה בדבר מתן הסעד הזמני בהתאם לתקנה 31 לתקנות חדלות פירעון ושיקום כלכלי, תשע"ט – 2019. הממונה יפרסם הודעה על מתן הסעד הזמני באתר האינטרנט של משרד המשפטים ; ההודעה תכלול את הפרטים המנויים בתקנה 21(ב) וכן את דבר מתן הסעד הזמני.

**נקבע לדיון ליום 8.2.2026 שעה 12:30.**

הנאמן הזמני יגיש דוח ראשון עד  שבעה ימים לפני הדיון.

ככל שיתברר לנאמן כי ההפעלה גרעונית –עליו לפנות לבית המשפט.

ניתנה היום, ט"ז טבת תשפ"ו, 05 ינואר 2026, בהעדר הצדדים.

חנה קיציס, שופטת, סגנית הנשיאה







**EXHIBIT B**

Serial No. 154

Form No. 7

מס' סידורי 154

טופס מס' 7

## CERTIFICATION OF TRANSLATION

אישור נכונות תרגום

I, the undersigned, Ram Ephrati Notary holding license no. 2063660, hereby certify that I am fluent in the   Hebrew and English   languages

אני החתום מטה רם אפרתי, נוטריון בעל רישיון מספר 2063660 , מצהיר בזה, כי אני שולט היטב בשפות העברית והאנגלית

And that the document attached to this certification and marked with the letter A' is a translation to the English language of

וכי המסמך המצורף לאישור זה והמסומן באות   א' הוא תרגום לשפה   האנגלית   של

☒ the original document

☒ מסמך המקור

☐ a true copy of the original document

☐ העתק מאושר של מסמך המקור

☐ a copy of the original document

☐ העתק של מסמך המקור

☐ computerized information        (please specify) from the database of

☐ מידע ממוחשב        (נא פרט) ממאגר המידע של

drawn up in the Hebrew language attached to this certification and marked with the letter   B' .

הערוך בשפה העברית מצורף לאישורי זה ומסומן באות ב'.

In witness whereof, I hereby certify the faithfulness of said translation by my own signature and seal, this day January 29, 2026.

לראיה אני מאשר את דיוק התרגום האמור בחתימת ידי וחותמתי, היום 29/01/2026.

Notary fee 2,388 NIS.

שכר נוטריון 2,388 שקלים חדשים.

_____
חותם הנוטריון
Notary's Seal

_____
חתימה
Signature



# APOSTILLE
(Convention de la Haye du 5 Octobre 1961)

1. STATE OF ISRAEL

This public document

2. Has been signed by

   Advocate_____

3. Acting in capacity of Notary

4. Bears the seal/stamp of

   the above Notary

## Certified

5. At the Magistrates Court of Herzliya

6. Date _____

7. By an official appointed by

   Minister of Justice under the

   Notaries Law, 1976.

8. Serial number 649213

9. Seal/Stamp _____

10. Signature _____

רם אפרתי
Ram Ephrati

2 9 -01- 2026

1. מדינת ישראל

   מסמך ציבורי זה

2. נחתם בידי

   עו"ד _____

3. המכהן בתור נוטריון.

4. נושא את החותם/החותמת

   של הנוטריון הנ"ל

## אושר

5. בבית משפט השלום בהרצליה

6. ביום _____

7. על ידי מי שמונה בידי שר

   המשפטים לפי חוק הנוטריונים,

   התשל"ו - 1976

8. מס' סידורי 649213

9. החותם / החותמת _____

10. חתימה _____

ליאורה אליצור
LIORA LEAH ELITZUR

2 9 -01- 2026

בית משפט השלום
HERZLIYA    הרצליה

Translation from Hebrew

| | |
|---|---|
| **In the District Court**<br>**Center - Lod** | **Insolvency Case 89484-12-25**<br>**Before the Honorable Judge, Vice President Hanna Kitsis** |

**In the matter of:** Insolvency and Economic Rehabilitation Law, 5778-2018 (the "Law"); Insolvency and Economic Rehabilitation Regulations, 5779-2019 (the "Regulations")

**And in the matter of:** **Future Meat Technologies Ltd., C.N. 515799641**, by Advs. Yaniv Dinovitz, Neri Lavi and Elchanan David Voknin, Herzog, Fox & Neeman, 6 Yitzhak Sadeh St., Tel Aviv; Tel.: +972-3-6922020; Fax: +972-3-6966464; dinovichy@hertzog.co.il **(the "Company")**

**And in the matter of:** **Adv. Yoel Freilich, in his capacity as Temporary Trustee of the Company**, in person and/or by Adv. Simon Keidar and/or by Adv. Yael Almoz et al., Gissin & Co., Advocates, 38B HaBarzel St., Tel Aviv 6971054; Tel.: +972-3-7467777; Fax: +972-3-7467700 **(the "Temporary Trustee")**

**And in the matter of:** **The Commissioner of Insolvency Proceedings and Economic Rehabilitation - Tel Aviv District**, by Adv. Noy Zilberberg, 2 HaShlosha St., Tel Aviv 6109001; Tel.: 073-3923300 **(the "Commissioner")**

# Court Order (Psikta)

Further to my decision dated 5.1.2026, I hereby order as follows:

1. As of 5.1.2026, Adv. Yoel Freilich is appointed as Temporary Trustee of Future Meat Technologies Ltd., C.N. 515799641, pursuant to Section 20(a)(2) of the Insolvency and Economic Rehabilitation Law, 5778-2018.

2. The Temporary Trustee is authorized to enter the Company's premises, offices and the Company's digital information sources, and to seize, receive, hold, safeguard and insure the Company's assets, subject to any applicable law, and to manage, either personally or through others, all of the Company's assets of any kind whatsoever, including accounts and monetary deposits maintained at any banks whatsoever, and including all movable assets and rights of any kind and description owned by the Company.

3. The Temporary Trustee is authorized, insofar as he finds it necessary and essential for purposes of preserving the Company's assets, ascertaining its status, managing its affairs during the interim period, exercising its rights and maximizing the value of its assets, to engage on behalf of the Company any professional and/or service provider, in Israel or abroad, including consultants, experts, sub-trustees, valuators, accountants, attorneys, investigators, security companies, IT companies and operational service providers, all subject to any applicable law and the instructions of the Honorable Court.

4. To seize and receive from the Company and/or its managers and/or officers and/or authorized representatives and/or any other person all of the Company's accounting records, financial statements and any other documents relating to the Company's business and/or the Company's assets.

5. To act to transfer the Company's funds held in bank accounts in its name to a trust account to be opened in the name of the Temporary Trustee.

6. I hereby grant the Temporary Trustee authority to exercise the Company's control rights in its subsidiary (the "**Subsidiary**"): FUTURE MEAT TECHNOLOGIES, INC., incorporated in the United States, at 4939 Lamm Road, Wilson, North Carolina 27893.

7. In this regard, by virtue of the control in the Subsidiary, the Temporary Trustee is authorized to convene meetings of the Subsidiary's board of directors and to issue instructions to the members of the Subsidiary's board of directors.

8. To receive from any party all information of any kind whatsoever concerning the Company's activity, property and rights.

9. To receive from any party all information of any kind whatsoever concerning the Subsidiary's activity, property and rights.

10. To act to terminate the employment of Company employees who have not been terminated prior to his appointment.

11. To engage in discussions with the receiver appointed over the Subsidiary's assets, and with any other office holder who is or may be appointed, if appointed, in the Subsidiary's receivership and/or insolvency proceedings, and for such purpose to apply to the court in the United States as the Company's authorized representative.

12. To trace the Company's actions prior to the insolvency proceedings.

2

13. The Temporary Trustee is authorized to perform any act on behalf of and for the Company and to approach any person and/or corporation and/or body and/or institution and/or authority and/or other legal entity, and to demand and receive any document and/or accounts and/or data and/or information in connection with the Company.

**Given today, 19 January 2026.**

| |
|---|
| 9 Shevat 5786 (27/01/2026) **Decision** Application 9 in Case 89484-12-25 Judge, Vice President Hanna Kitsis |
| Approved as requested. *** Digitally signed *** |



3

-4-

<table>
<tr><td>בית המשפט המחוזי</td><td>חדל"ת 89484-12-25</td></tr>
<tr><td>מרכז-לוד</td><td>בפני סגנית הנשיאה כב' השופטת חנה קיציס</td></tr>
</table>

| | | |
|---|---|---|
| בעניין: | חוק חדלות פירעון ושיקום כלכלי, תשע"ח-2018 | "החוק"; |
| | תקנות חדלות פירעון ושיקום כלכלי, תשע"ט-2019 | "התקנות"; |

| | |
|---|---|
| ובעניין: | פיוצ'ר מיט טכנולוגיות בע"מ, ח.פ. 515799641 |
| | ע"י עוה"ד יניב דינוביץ, נרי לביא ואלחנן דוד ווקנין |
| | ממשרד הרצוג, פוקס נאמן ושות' |
| | רח' יצחק שדה 6, תל אביב |
| | טל': 03-6922020, פקס: 03-6966464 |
| | dinovichy@hertzog.co.il |

| | | |
|---|---|---|
| ובעניין: | עו"ד יואל פרייליך - בתפקידו כנאמן זמני לחברה | "החברה"; |
| | בעצמו ו/או עו"י עו"ד סמיון קידר ו/או עו"י עו"ד יעל אלמוז ואח' | |
| | ממשרד גיסין ושות', עורכי דין | |
| | מרחוב הברזל 38 B, תל אביב 6971054 | |
| | טל': 03-7467777; פקס: 03-7467700 | "הנאמן הזמני"; |

| | | |
|---|---|---|
| ובעניין: | הממונה על הליכי חדלות פירעון ושיקום כלכלי – מחוז תל אביב | |
| | מרח' השלושה 2 תל אביב 6109001 | |
| | טלפון: 073-3923300 | "הממונה"; |

## פסיקתה

בהמשך להחלטתי מיום 5.1.2026, אני מורה כדלקמן:

1. החל מיום 5.1.2026 עו"ד יואל פרייליך מונה כנאמן זמני לחברת פיוצ'ר מיט טכנולוגיות בע"מ, ח.פ. 515799641, בהתאם לסעיף 20 (א)(2) לחוק חדלות פירעון ושיקום כלכלי, תשע"ח-2018;

2. הנאמן הזמני מוסמך להיכנס לחצרי החברה, משרדיה ומקורות המידע הדיגיטליים של החברה, ולתפוס, לקבל, להחזיק, לשמור, ולבטח את נכסי החברה בכפוף לכל דין ולנהל, בין בעצמו ובין באמצעות אחרים, את כל נכסי החברה מכל סוג ומין שהוא, לרבות חשבונות ופיקדונות כספיים המתנהלים בכל בנקים שהם ולרבות כל נכסי המיטלטלין וזכויות מכל מין וסוג שהוא בבעלות החברה;

3. הנאמן הזמני מוסמך, ככל שימצא כי הדבר נחוץ וחיוני לצורך שמירת נכסי החברה, בירור מצבה, ניהול ענייניה בתקופת הביניים, מיצוי זכויותיה והשאת ערך נכסיה, להתקשר בשם החברה עם כל גורם מקצועי ו/או ספק שירותים, בארץ או בחו"ל, לרבות יועצים, מומחים, נאמנים משנה, מעריכי שווי, רואי חשבון, עורכי דין, חוקרים, חברות אבטחה, חברת IT וספקי שירותים תפעוליים, הכול בכפוף לכל דין ולהוראות בית המשפט הנכבד;

4. לתפוס ולקבל מאת החברה ו/או מנהליה ו/או פקידיה ו/או מורשיה ו/או מכל אדם אחר את כל מסמכי הנהלת חשבונות החברה, דו"חות כספיים ויתר המסמכים הנוגעים לעסקי החברה ו/או נכסי החברה;



/28/26, 9:45 AM

-5-

5. לפעול להעברת הכספים של החברה המצויים בחשבונות בנק על שמה, לחשבון נאמנות שייפתח על שם הנאמן הזמני;

6. אני מקנה לנאמן את הסמכות להפעיל את כוח השליטה של החברה, בחברה הבת (להלן: **"חברת הבת"**):

FUTURE MEAT TECHNOLOGIES, INC המאוגדת בארה"ב, בכתובת: 4939 Lamm Road, Wilson, North Carolina 27893.

7. בתוך כך, מכוח השליטה בחברת הבת, מוסמך הנאמן הזמני לכנס ישיבות דירקטוריון של החברה הבת וליתן הנחיות לחברי הדירקטוריון בחברה הבת.

8. לקבל מכל גורם, את כל המידע, מכל מין וסוג שהוא, על פעילות החברה, על רכושה ועל זכויותיה;

9. לקבל מכל גורם, את כל המידע, מכל מין וסוג שהוא, על פעילות חברת הבת, על רכושה ועל זכויותיה;

10. לפעול לפיטורים של עובדי החברה אשר טרם פוטרו קודם מינויו.

11. לבוא בדברים עם הכונס הנכסים אשר מונה על נכסי החברה הבת, ועם בעל תפקיד אחר או נוסף שימונה, ככל שימונה בהליכי כינוס הנכסים ו/או הליכי חדלות הפירעון של החברה הבת, ולשם כך לפנות לבית המשפט בארה"ב כנציג מוסמך של החברה;

12. להתחקות אחר פעולות החברה עובר להליכי חדלות הפירעון;

13. הנאמן הזמני הסמכות לבצע כל פעולה ועבורה ולפנות לכל אדם ו/או תאגיד ו/או גוף ו/או מוסד ו/או רשות ו/או ישות משפטית אחרת, לדרוש ולקבל כל מסמך ו/או חשבונות ו/או נתונים ו/או מידע בקשר עם החברה.



ניתנה היום, 19 בינואר 2026.

ט' שבט תשפ"ו, 27/01/2026   החלטה
בקשה 9 בתיק 25-12-89484
שופטת, סגנית הנשיאה חנה קיציס

מאושר כמבוקש.

*** נחתם דיגיטאלית ***

**EXHIBIT C**

Serial No. 623

מס' סידורי 623

Form No. 7

טופס מס' 7

## CERTIFICATION OF TRANSLATION

## אישור נכונות תרגום

I, the undersigned, Ram Ephrati Notary holding license no. 2063660, hereby certify that I am fluent in the   Hebrew and English   languages

אני החתום מטה רם אפרתי, נוטריון בעל רישיון מספר 2063660 , מצהיר בזה, כי אני שולט היטב בשפות העברית והאנגלית.

And that the document attached to this certification and marked with the letter A' is a translation to the English language of

וכי המסמך המצורף לאישור זה והמסומן באות   א' הוא תרגום לשפה   האנגלית   של

☒ the original document

☒ מסמך המקור

☐ a true copy of the original document

☐ העתק מאושר של מסמך המקור

☐ a copy of the original document

☐ העתק של מסמך המקור

☐ computerized information   (please specify) from the database of

☐ מידע ממוחשב   (נא פרט) ממאגר המידע של

drawn up in the Hebrew language attached to this certification and marked with the letter  B' .

הערוך בשפה העברית מצורף לאישורי זה ומסומן באות ב'.

In witness whereof, I hereby certify the faithfulness of said translation by my own signature and seal, this day April 20, 2026.

לראיה אני מאשר את דיוק התרגום האמור בחתימת ידי וחותמתי, היום 20/04/2026.

Notary fee 994 NIS.

שכר נוטריון 994 שקלים חדשים.



| | |
|---|---|
| חותם הנוטריון<br>Notary's Seal | חתימה<br>Signature |



# APOSTILLE
(Convention de la Haye du 5 Octobre 1961)

**1. STATE OF ISRAEL**

This public document

2. Has been signed by

Advocate_____

3. Acting in capacity of Notary

4. Bears the seal/stamp of

the above Notary

**Certified**

5. At the Magistrates Court of Herzliya

6. Date ___21 -04- 2026___

7. By an official appointed by

Minister of Justice under the

Notaries Law, 1976.

8. Serial number 659526

9. Seal/Stamp_____

10. Signature _Belo_

רם אפרתי
Ram Ephrati

1. מדינת ישראל

מסמך ציבורי זה

2. נחתם בידי

ע"יד _____

3. המכהן בתור נוטריון.

4. נושא את החותם/החותמת

של הנוטריון הנ"ל

**אושר**

5. בבית משפט השלום בהרצליה

6. ביום __21 -04- 2026__

7. על ידי מי שמונה בידי שר

המשפטים לפי חוק הנוטריונים,

התשל"ו - 1976

8. מס' סידורי __659526__

9. החותם / החותמת _____

10. חתימה _____

חפציבה בלו
HEFTSIBA BELO
21 -04- 2026
בית משפט השלום
HERZLIYA    הרצליה

חפציבה בלו
HEFTSIBA BELO
2 -04- 2026
בית משפט השלום
HERZLIYA

חפציבה בלו
HEFTSIBA BELO
21 -04- 2026
בית משפט השלום
HERZLIYA    הרצליה

חפציבה בלו
HEFTSIBA BELO
21 -04- 2026
בית משפט השלום
HERZLIYA    הרצליה



## The Central District Court in Lod

**Insolvency Proceedings 89484-12-25**                                     **02 February, 2026**
**Future Meat Technologies Ltd. v. The Commissioner of Insolvency - Tel Aviv District, et al.**

**Before the Honorable Judge, Deputy President Hanna Kitsis**

| | |
|---|---|
| **Matter:** | **Insolvency and Economic Rehabilitation Law, 5778-2018 (the "Law")** |
| **Matter:** | **Future Meat Technologies Ltd., Company No. 515799641 (the "Company" or the "Corporation")** |

**And Matter:**
1. **The Commissioner of Insolvency - Tel Aviv District, Government Ministries No. 570001772**
2. **Rafael Ben Or and as per employee list, ID No.**
3. **Yoel Freilich (Trustee)**
4. **10.4 Bis.co.il Ltd. (Creditor), Company No. 512963489**
5. **Yissum, the Technology Transfer Company of the Hebrew University of Jerusalem Ltd., Company No. 510424534**

                                                    **(collectively, the "Respondent(s)")**

**Present:**

Counsel for the Company: Adv. Dinovitz; Adv. Vaknin

Declarant on behalf of the Company: Prof. Nachmias

Mr. Yogev Blilaty

Counsel for the Temporary Trustee: Adv. Guy Gissin; Adv. Semyon Kedar; Adv. Yael Almog

Counsel for Yissum: Adv. Keren Reichbach

Legal Counsel for Yissum: Dan Fisher

Counsel for 47 Company Employees: Adv. Ofir Ronen

Counsel for the Commissioner: Adv. Noy Zilberberg

# Decision

**(Clarification by the Notary** : Translation of the court decision dated February 02, 2026, on pages 4 and 5 of the original Hebrew file)

Pursuant to an application filed with this Court, after I was satisfied that the conditions under section 24A of the Insolvency and Economic Rehabilitation Law, 5778-2018 (the "Law"), are met, an order commencing proceedings is hereby issued in the format of temporary operation:

1. **Adv. Yoav Freilich** is appointed as trustee of the Corporation.

2. The trustee's powers are set forth in sections 41-56 of the Law.

3. The trustee shall, without delay, send a copy of the order and a notice of the issuance of the order to the Commissioner, and the Commissioner shall publish the order on the Ministry of Justice website.

4. The trustee shall deliver a copy of the order to the material creditors of the Corporation and shall also send notice to the Registrar of Companies using Form 4 in the Schedule to the Regulations.

5. The temporary operation period at this stage is 45 days, in accordance with the operating plan in Appendix 1, as detailed in section 35 of the trustee's report.

6. Pursuant to section 20(a)(3)(c), the date of appointment of the temporary trustee (5.1.2026) shall be deemed to be the date of issuance of the order commencing proceedings.

7. As for the employees - with respect to the four employees who may be terminated without obtaining approval from the relevant commissioners, termination letters shall be sent today. With respect to the other employees, a conditional termination letter shall be sent, since their termination is subject to the required approvals.

The Commissioner under the Women's Employment Law and the Commissioner for Discharged Soldiers at the Ministry of Defense are requested to expedite the processing of the trustee's request for approvals.

It is hereby clarified that notwithstanding the foregoing in section 6, the question of the applicability of Chapter H of the National Insurance Law will be addressed separately at a hearing to be held together with a representative of the National Insurance Institute, along with all issues relating to payment of employees' wages for the period from the date of the order commencing proceedings.

2

8. As part of the operating plan, I approve the employment of Mr. Yogev Blilaty as requested by the trustee. In addition, I approve the trustee's request as of today (Motion 14) to engage with Yissum.

A further hearing is set for 46 days from now.

**Given and notified today, 15 Shevat 5786, 02/02/2026, in the presence of the attendees.**

**(-)**

_____

**Hanna Kitsis, Judge, Deputy President**



3



בית המשפט המחוזי בלוד

חדל"ת 25-12-89484 פיוצ'ר מיט טכנולוגיות בע"מ נ'
ממונה על חדלות פירעון – מחוז תל אביב ואח'

02 פברואר 2026

לפני כבוד השופטת, סגנית הנשיאה חנה קיציס

בעניין: חוק חדלות פירעון ושיקום כלכלי תשע"ח 2018
להלן: "החוק"

בעניין: פיוצ'ר מיט טכנולוגיות בע"מ חברות 515799641
להלן: "החברה או התאגיד"

ובעניין: 1. ממונה על חדלות פירעון – מחוז תל אביב משרדי ממשלה
570001772
2. רפאל בן אור ועפ"י רשימת העובדים ת"ז
3. יואל פרייליך (נאמן)
4. 10 ביס.קו.איל בע"מ (נושה) חברות 512963489
5. יישום חברה לפתוח המחקר של האוניברסיטה העברית
בירוש חברות 51424534
להלן: "המשיב/ה/ים"

נכחים:
ב"כ החברה עו"ד דינוביץ עו"ד וקנין
המצהיר מטעם החברה – פרופ' נחמיאס
מר יוגב בלילתי
ב"כ הנאמן הזמני עו"ד גיא גיסין ועו"ד סמיון קידר ועו"ד יעל אלמוז
ב"כ יישום עו"ד קרן רייכבך
יועמ"יש של יישום – דן פישר
ב"כ 47 עובדי החברה עו"ד אופיר רונן
ב"כ הממונה עו"ד נוי זילברברג

## פרוטוקול

עו"ד גיסין:

בעל התפקיד בארה"ב לצורך דיון בבית המשפט שם לצורך ביקור בנכסים. הייתה הצעה אל או אי ממשקיע שלמעשה מנסה לרכוש את הפעילות ב-35 מיליון דולר שזה בערך החוב המובטח. זה משאיר אותנו עם יכולת להשיא דיבידנד לנושים בישראל. זה היה הנושא העיקרי שבשבועיים האחרונים עוסק בנושא ומנסה למצוא דרך שיכולה להשיא רווח או למצוא פיתרון כולל. החברה השקיעה 150 מיליון דולר באותו מפעל שעומד כרגע למכירה לכאורה על ידי הכונס, מכירה שלו תתממש עלולה לאיין לאיין כל ניסיון שיקום לחברה. היו התמודדויות עם מספר חזיתות, נושא ראשון הוא נושא העובדים, מבקשים אישור לפטר את כל העובדים למעט אחד שזה יוגב שנמצא פה. בנוגע להריוניות/מילואים משיגים את האישורים. עד רגע זה קיבלנו מתוך 9 קיבלנו אישור לעובדת אחת. צריך לזכור עלות העסקה של העובדים זה 400,000 ₪ בחודש וזה בדיוק מה שיש בקופה דהיינו בחודש אחד זה עלול להיגמר. חברי הציע להפנות אותם לביטוח לאומי בהתאם לפסק דין פשה והם יקבלו את השוטף. כרגע אנו מבקשים צו לפי סעיף 24 לצו לפתיחת הליכים והפעלה למנות את עו"ד יואל פרייליך כנאמן קבוע והשכר שלהם ישולם על ידי ביטוח לאומי. לגבי הבקשה להפעלה לצו פתיחת הליכים בהפעלה זמנית יש מספר סעיפים ב-24, יש 400 אלף שאמורים להספיק לחודשיים בהנחה שאכן נושא העובדים ייפתר, ושאין חשש סביר שהפעלת התאגיד יפגע בנושים. מדובר בחברת הזנק, הן מופעלות בהפעלה גירעונית

1



**בית המשפט המחוזי בלוד**

02 פברואר 2026

הפ"ת 25-12-89484 פיוצ'ר מיט טכנולוגיות בע"מ נ'
ממונה על חדלות פירעון – מחוז תל אביב ואח'

באופן קבוע. נתנו שלושה פסקי דין בתיק סיירן למשל, שחברתי מכירה אותו היה לנו אותו דבר חברה עם פעילות בארה"ב בגרמניה, יש מקרים נוספים דומים. ובזה אנו מתמקדים ולכך אנחנו זקוקים לכסף.

יש דיון שנוגע לאי פי ולזכויות באי פי, יושב פה פרופ' נחמיאס שפועל מטעם יישום ומטעם החברה הוא הממציא. זה התחיל מכך שיישום שלחו לנו מכתב על ביטול ונכנסנו לדין ודברים עם חברתי והגענו להסכמות לטובת כולם גם לשמור על הזכויות של יישום וגם שלנו.

**עו"ד רייכבך:**

האוניברסיטה העברית כמוסד מחקרים יש בה מחקרים ויש לה זכויות קניין רוחני בתוצרי המחקרים. יישום היא הגוף של האוניברסיטה שעוסק במסחור הקניין  הרוחני של האוניברסיטה. המחקרים נשוא התיק הזה התחילו עוד לפני הקמת החברה והחלו להירשם הפטנטים הראשונים. ושהחל הנושא של מסחור הטכנולוגיה, נחתם בעצם הסכם רישיון בין החברה לבין יישום. ההסכם מאוד שגרתי בנסיבות מטעם כמה אלמנטים. ראשית הקניין הרוחני המקורי הוא בבעלות יישום כאשר לחברה יש אפשרות לפתח את הטכנולוגיה וליהנות מבעלות בתוצרי הטכנולוגיה, כאשר הרישיון שיישום מעניקה לחברה הוא רישיון בלעדי בינלאומי למסחר את הטכנולוגיה. רק בתחום של בשר מעובד ותוצריו. ככל שיש לטכנולוגיה שימושים אחרים הם לא נמצאים במסגרת הרישיון שהוענק לחברה. ואכן כפי שאמר בא כוח הנאמן החברה השקיעה כספים. הסכם הרישיון על פי תנאיו הוא רישיון שפוקע או ניתן לביטול בתנאים מסוימים וכשהוא פוקע יישום יש לה זכות לקבל בחזרה, והחברה מחויבת לרשום על שמה גם את כל תוצרי הקניין הרוחני שהחברה פיתחה. יישום בדעה שהחברה הפעילה את הסכם הרישיון ולכן גם הוציאה מכתב על הפרת הסכם הרישיון אבל לאור מיני הנאמן והפעולות שמבוצעות על ידו והמחשבה גם של יישום במו"מ עם הנאמן שהדרך הנכונה והמיטבית לממש את הטכנולוגיה היא באמת לאפשר לנאמן לבצע את הפעולות הנדרשות כדי למקסם את התמורה בנושא, הגענו להסכמה תוך שמירת טענות כל הצדדים, ואנחנו מאפשרים לנאמן לבוא ולפעול כדי למצוא את הרוכש הנכון תוך שמירה על כל טענותינו. חלק גדול מההסכם הוא הצורך לשמר את הקניין הרוחני. מה שאנחנו עושים יחד עם הנאמן זה לשמר את הפטנטים שנמצאים בבחינה. הדוח השני שהנאמן הגיש מתייחס לנושא זה. חלק מהקניין הרוחני הוא באמת קווי התאים, הוא חומרים פיזיים שכותב הנאמן בדוח שאין לחברה אמצעי לשמר, ולכן החומרים האלה הוחזרו לאוניברסיטה ונשמרו שם, וכותב הנאמן בהגינותו שאין לחברה עובדים ולכן אין אמצעים ממשיים לתחזק את הטכנולוגיה בנפרד. לכן בהקשר זה חלק מההסכם מדבר על תחזוקת הקניין הרוחני כדי לא לאבד את הנכס המרכזי. והחלק השני הוא שיתוף הפעולה.

**ב"כ הנאמן:**

לגבי הזכויות זה פרשנות של יישום אמרה וכמו שחברתי אמרה כל צד שומר על הטענות שלו ואני מקווה שנצליח לפתור את המחלוקות ולכן אני לא מרחיב בנושא. לגבי התאים, רוב התאים העיקריים נמצאים בידי האוניברסיטה, יש גם בארה"ב וגם בגרמניה. התאים שם הם של עוף ולא של כבש או בשר. פרופסור נחמיאס מתקן ואומר שבגרמניה יש גם תאים

2



**בית המשפט המחוזי בלוד**

חדל"ת 25-12-89484 פיוצ'ר מיט טכנולוגיות בע"מ נ'
ממונה על חדלות פירעון – מחוז תל אביב ואח'

02 פברואר 2026

אחרים. בארה"ב אחד הדברים שהנאמן הולך לבדוק זה מה מצב התאים שם. יש חשש שהם נפגעו והנאמן אמור לבדוק.

**עו"ד רונן:**

ביקשנו שהדיון יוקדם ונבקש היום צו פתיחת הליכים והפעלה זמנית. לגבי הסוגיה השניה עלול להיווצר מצב ש-13 עובדים יישארו קרחים מכאן ומכאן בנוגע לתקופה שחלה ממועד מינוי הנאמן דהיינו מיום עד יום בו יפוטרו. למעשה אף אחד מהעובדים עדיין לא פוטר בפועל. לגבי 4 עובדים נשארה תקופת ביניים עד מועד הפיטורים. לגבי הנשים בהריון ו/או בחופשות לידה זה מותנה בהחלטת הממונה. אין לי בעיה להמלצת חברתי שביהמ"ש יורה לגורמים הרלוונטיים להאיץ עם מתן ההחלטה. הבעיה שלי זה לגבי כל העובדים וזה לתקופה מ- עד למועד הפיטורים. נכון להיום הם בסכנה שיישארו קרחים מכל הצדדים כי הם לא קיבלו מכתב פיטורים הם לא יוכלו לקבל דמי אבטלה. הנאמן אומר הוא לא משלם שכר, והביטוח הלאומי למעשה מפרשת סטודיו פאשה הוא מתנגד לצו שהורה לו לשלם על צו לפתיחת הליכים והוא הגיש ערעור לעליון. כתוצאה מהדברים האלו, העובדים למעשה אדישים לגבייה מי ישלם את הכסף, אם זה מל"ל או הנאמן אבל הם לא אדישים למצב שאף אחד לא ישלם את הכסף עבור התקופה. אם היו מפטרים אותם מהיום הראשון יכלו לקבל דמי אבטלה. אני אמרתי לו שיש 14 עובדים שלא קיבלו מכתבי פיטורים. הנאמן שקיבל החלטות לגבייהם לקח לא מעט זמן, בד"כ יש תקופת הפעלה 3-5 ימים. אנחנו לא מסכימים למצב שהם לא יוכלו לקבל את הכספים את השכר לא מביטוח לאומי ולא מהנאמן וגם לא יוכלו לקבל דמי אבטלה. סטודיו פאשה כבוד השופט ברנר קבע בדבריו.. אנחנו ביקשנו בקשה שהוא יחליט מי הגורם המשלם אמרנו שלא אכפת לנו גם שביטוח לאומי ישלם אבל הוא קבע את ההחלטה בצורה כזו שההשלכה אחורה של צו לפתיחת הליכים בנוגע להפעלה לא רלוונטי למעשה לפרק ח' לחוק הביטוח לאומי, אבל אם תהיה הפעלה לאישור תכנית הפעלה באמצע בין צו הנאמן לבין צו פתיחת הליכים אז צריך לשלם מהמועד שקיבל את אישור ההפעלה. פה מבחינתנו או שמל"ל או הנאמן, אבל שלא יהיה מצב שלא זה לא זה. במקרה שבית המשפט יחייב את הנאמן אזי יהיה אפשר לדחות את נושא התשלום לאחר שיכנסו כספים.

**ב"כ הנאמן:**

לגבי ההפעלה עשינו את הדבר הכי מצומצם שיכולנו לעשות. זה לא הגיוני שיש מקור מביטוח לאומי שיכסה את זה שזה יפול על קופת הנושים. גם אם זה חוב לתשלום עתידי זה לא משנה את העובדות ממלא ביטוח לאומי יחזור אלינו. בסוף דבר צריך להגדיר כחוב עבר כמו בסטודיו פאשה שזו ההלכה המחוזית כרגע.

**עו"ד קידר:**

גם לגבי דמי האבטלה בהנחה שתהיה ההחלטה גם פה ויימשך לצו פתיחת הליכים מ-5.1 ויקבלו דמי אבטלה. ברגע שניתן צו למינוי נאמן זמני, והמשך יינתן צו לפתיחת הליכים זה כאילו ניתן מיום 5.1

3



**בית המשפט המחוזי בלוד**

חדל"ת 25-12-89484 פיוצ'ר מיט טכנולוגיות בע"מ נ'                    02 פברואר 2026
ממונה על חדלות פירעון – מחוז תל אביב ואח'

אז עו"ד רונן מעריך שמל"ל לא ישלם מאותו מועד דמי אבטלה. אבל החוק הוא החוק. חברי אומר שהם לא קיבלו מכתבי פיטורים, הם רוצים מכתבי פיטורים מותנים.

לכן ביקשנו לאשר לנו שפיטורי העובדים יכנסו לתוקפם ונמשיך להתנהל מול העובדים.

**עו"ד רונן:**

הממונה על חוק עבודת נשים במקרה הזה רשאי לתת רטרו.

**ב"כ הממונה:**

בהקשר של ההפעלה אנו נמצאים כבר בתוך הליך בעל התפקיד נסע לארה"ב לנסות ולמקסם את התמורה, מחד התקופה שנתבקשה היא קצת ארוכה מהרגיל בשים לב לכך שמבוקש הפעלה גרעונית. מאידך מה שמבוקש בפועל זה לשמר את המצב הקיים וכפי שפורט על ידי בא כוח הנאמן, היה לי חשוב להבין וזה פורט בנספח א לדוח הוא התנהל בית רתת זכות. אז רק לצמצם את התקופה ל-45 יום ויגיש דוח מעודכן שתהיה שקיפות בהקשר להסכם עם האוניברסיטה העברית, אחרי שחברתי פירטה את מערכת היחסים ובהקשר של העובדים, אינני יודעת אם ביטוח לאומי זמן להיום. בקופה יש כ-400,000 ₪ שהקופה זקוקה להם כדי לשמר את המצב הקיים ולהשיא ערך לנושים. הערעור בעניין פאשה תלוי ועומד. בנוגע לדברי חברי עו"ד רונן, בא כוח הנאמן הגיש בקשה שהסעד שמבוקש זה ליתן החלטה לאותם משרדי ממשלה להאיץ מתן החלטה בבקשות לסיום העסקה.

לאחר שתינתן החלטה סיום ההעסקה יהיה רטרו אקטיבי. נמתין לראות מה יהיה מועד סיום העסקה בקשר לאותם עובדים. ככל שיוחלט שזה יהיה רטרו אקטיבי מיום מינוי הנאמן הזמני אז פתרנו את הבעיה והצו פתיחת ההליך יהיה רטרו בהתאם לסעיף א 3.

ככל שביטוח לאומי יחליט שאין תחולה רטרו אקטיבי או שלא יינתן אישור מתאים, כפי שהציע חברי עו"ד רונן ככל שיהיו תקבולים הם ישולמו, אם נגיע לגשר נחצה אותו. היום חשוב ליתן צו פתיחת הליכים, שמשרד הנאמן יוכל להמשיך לפעול כפי שפועל וזו הדרך הנכונה בשלב הזה להמשיך את ההליך.

**החלטה**

על פי בקשה שהוגשה לבית משפט זה, לאחר ששוכנעתי כי חלים התנאים שבסעיף 24 א לחוק חדלות פירעון ושיקום כלכלי, תשע"ח- 2018 (להלן : "**החוק**"),ניתן בזאת צו פתיחת הליכים במתכונת של הפעלה זמנית :

1. **עו"ד יואב פריילייך** מתמנה כנאמן לתאגיד.

2. סמכויות הנאמן הן כמפורט בסעיפים 41-56 לחוק.

3. הנאמן ישלח בלא דיחוי העתק של הצו והודעה על מתן הצו לממונה והממונה יפרסם את הצו באתר האינטרנט של משרד המשפטים.

4. הנאמן ימציא עותק מהצו לנושים המהותיים של התאגיד וכן ישלח הודעה לרשם החברות לפי טופס 4 שבתוספת לתקנות.

4



**בית המשפט המחוזי בלוד**

חדל"ת 25-12-89484 פיוצ'ר מיט טכנולוגיות בע"מ נ'
ממונה על חדלות פירעון – מחוז תל אביב ואח'

02 פברואר 2026

5. תקופת ההפעלה הזמנית בשלב זה היא למשך 45 יום ובהתאם לתכנית ההפעלה נספח 1 כמפורט בסעיף 35 בדוח הנאמן.

6. **בהתאם לסעיף 20(א)(3)(ג) מועד מינוי הנאמן הזמני (5.1.2026) ייחשב כמועד מתן צו פתיחת ההליכים.**

7. אשר לעובדים – ארבעת העובדים שניתן לפטרם ללא קבלת אישור מטעם הממונים – יישלחו מכתבי פיטורים עוד היום. אשר לעובדים האחרים, יישלח מכתב פיטורים מותנה שכן הפיטורים כפופים לאישורי הממונים.

הממונה על עבודת נשים והממונה על חיילים משוחררים במשרד הביטחון מתבקשים להחיש את הטיפול בבקשת הנאמן בעניין מתן האישורים.

מובהר בזאת כי על אף האמור בסעיף 6 - שאלת תחולתו של פרק ח' לחוק הביטוח הלאומי, תידון בנפרד בדיון שיתקיים ביחד עם נציג המל"ל ביחד עם כל הסוגיות הקשורות בתשלום שכר העובדים לתקופה שממועד צו פתיחת ההליכים.

8. כחלק מתכנית ההפעלה אני מאשרת את העסקתו של מר יוגב בלילתי כמבוקש על ידי הנאמן. בנוסף, אני מאשרת את בקשת הנאמן מהיום (בקשה 14) להתקשרות עם חברת יישום.

ת"פ בעוד 46 יום.

ניתנה והודעה היום ט"ו שבט תשפ"ו, 02/02/2026 במעמד הנוכחים.

_____
חנה קיציס, שופטת, סגנית הנשיאה



5

**EXHIBIT D**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 26-01839-5-PWM** |
| **FUTURE MEAT TECHNOLOGIES** | ) | |
| **LTD.** | ) | |
| | ) | **Chapter 15** |
| Debtor. | ) | |

**ORDER GRANTING MOTION OF THE FOREIGN REPRESENTATIVE FOR**
**CHAPTER 15 RECOGNITION AND FINAL RELIEF**

THIS MATTER came before the Court for hearing on _____, 2026, upon the *Chapter 15 Petition* and *Motion of the Foreign Representative for Chapter 15 Recognition and Final Relief* (the "Motion"). Through the Motion, Yoel Freilich, Trustee (the "Trustee" or "Foreign Representative") of Future Meat Technologies Ltd. (the "Foreign Debtor" or the "Company") seeks the entry of an Order (as described in the Motion) (i) recognizing the Trustee as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code; (ii) recognizing the Israeli Proceeding[1] as a "foreign main proceeding" in accordance with sections 101(23), 1502(4), and

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Motion of the Foreign Representative for Chapter 15 Recognition and Final Relief.*

1517(a) and (b)(1) of the Bankruptcy Code, and (iii) granting the requested final relief in aid of the Foreign Debtor and in furtherance of the Israeli Proceeding; and (iv) granting such other relief as may be necessary and appropriate. No objections or responses to the motion were filed. Upon consideration of the Motion, and after due and sufficient notice of and hearing on the Motion, the Court makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(a)-(b) and 1334(b), and 11 U.S.C. §§ 109 and 1501.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

4. There is an insolvency and reorganization proceeding pending in Israel, entitled "*Insolvency Proceedings Case 89484-12-25 Future Meat Technologies Ltd. v. The Commissioner of Insolvency – Tel Aviv District, et al.*" (the "Israeli Proceeding").

5. The Israeli Proceeding is a "foreign proceeding" under 11 U.S.C. §§ 101(23) and 1502(4).

6. The Trustee is a "person" within the meaning of 11 U.S.C. § 1517.

7. The Trustee is a "foreign representative" as defined in 11 U.S.C. § 101(24)

8. This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515, and 1517.

9. The Foreign Representative has met the requirements of 11 U.S.C. § 1515(b)-(d) and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

10. The Petition filed in this action meets the requirements of 11 U.S.C. § 1515.

11. The Israeli Proceeding is entitled to recognition by this Court as a foreign main proceeding pursuant to 11 U.S.C. § 1517(a).

12.    The Foreign Debtor is a company founded and registered in Israel.

13.    The Foreign Debtor's center of main interest is in Israel, and the Israeli Proceeding is entitled to recognition as a foreign main proceeding under 11 U.S.C. §§ 1502(4) and 1517(b)(1).

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that:

1.    The Motion is GRANTED in its entirety.

2.    The Israeli Proceeding is hereby recognized as a foreign main proceeding in accordance with 11 U.S.C. § 1517 and is given full force and effect.

3.    The Trustee is recognized as the foreign representative within the meaning of 11 U.S.C. § 101(24).

4.    The Foreign Representative's request to waive the notice requirements of 11 U.S.C § 1514(c) pertaining to a claims deadline, as set forth more particularly in the Motion, is hereby granted.

5.    The Foreign Debtor, and each of its respective successors, agents, representatives, advisors, and counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

6.    Upon entry of this Order, all relief authorized by 11 U.S.C. § 1520 shall apply throughout the duration of these proceedings or until otherwise ordered by this Court, including, without limitation, the automatic stay of 11 U.S.C. § 362.

7.    Upon entry of this Order, all relief authorized by 11 U.S.C. § 1521(a)(1) shall apply throughout the duration of these proceedings or until otherwise ordered by this Court. For the avoidance of doubt, all parties, including the creditors of the Foreign Debtor are stayed from commencing or continuing any and all actions concerning the Foreign Debtor's assets, rights, obligations or liabilities to the extent they have not been stayed under section 1520(a).

8.      Upon entry of this Order, all relief authorized by 11 U.S.C. § 1521(a)(2) shall apply throughout the duration of these proceedings or until otherwise ordered by this Court. For the avoidance of doubt, all parties, including the creditors of the Foreign Debtor are stayed from levying or executing against, or selling the Foreign Debtor's assets to the extent such actions have not been stayed under section 1520(a).

9.      Any violation of the stay imposed by this Order and section 1520 and such other provisions of the Bankruptcy Code shall subject such party to sanctions.

10.     Upon entry of this Order, all relief authorized by 11 U.S.C. § 1521(a)(3) shall apply throughout the duration of these proceedings or until otherwise ordered by this Court. For the avoidance of doubt, all parties, including the creditors of the Foreign Debtor shall not be allowed to transfer, encumber or otherwise dispose of any assets of the Foreign Debtor to the extent this right has not been suspended under section 1520(a).

11.     The Foreign Representative may exercise the rights and powers of a trustee and is entitled to administer and realize all or part of the Foreign Debtor's assets within the territorial jurisdiction of the United States.

12.     This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion, the Petition, or the interpretation or implementation of this Order.

**END OF DOCUMENT**